UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**SCOTT LYNN FISHBEIN,**

   Movant,

                                                      No. 4:23-cv-137-P

**UNITED STATES OF AMERICA,**

   Respondent.

**OPINION AND ORDER DENYING MOTION FOR RELIEF
UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 41(g)**

   This action seeking return of property filed by federal prisoner Scott Lynn Fishbein, although initially filed in criminal case number 4:20-CR-084-P, was, consistent with Fifth Circuit authority, opened as a civil case subject to the in-forma-pauperis procedures of the Prison Litigation Reform Act ("PLRA). ECF Nos. 1-3. After the resolution of preliminary motions filed by Fishbein related to the imposition of the filing-fee collection procedures (ECF Nos. 11, 15, 16, and 18), the United States filed a response (ECF No. 21), and Fishbein then filed an additional supplement and a reply (ECF Nos. 22 and 23). Afer review and consideration of the motion, response, replies and the applicable law, the Court finds that the motion for return of property must be **DENIED**.

**I.    BACKGROUND**

   **A.    Arrest, Entry of Plea, and Conviction**

   In February 2020, Fishbein was arrested at a public park in Fort Worth, Texas as he attempted to meet with someone he believed to be a 13-year-old female for the purpose of engaging in sexual activity. Factual Resume 2-4, *United States v. Fishbein*, No. 4:20-CR-084-P, ECF No. 16. The person was, in fact, an undercover Arlington Police Detective with whom Fishbein had communicated by social media on his cell phone. *Id*. Incident to the arrest, Fishbein's car was searched and certain personal property was seized. Resp. 2, ECF No. 21. Specifically, officers seized two

handguns, a laptop computer, a cell phone, and a USB thumb drive. Mot. Return of Property 1, ECF No. 1. Fishbein ultimately pleaded guilty to one count of enticement of a child in violation of 18 U.S.C. § 2422(b). Judgment 1-2, *United States v. Fisbein*, No. 4:20-CR-084-P, ECF No. 34.

After Fishbein's sentencing, the handguns were returned to his parents at his request. Mot. Return of Property 1, ECF No. 1. The laptop computer, cell phone, and USB thumb drive, however, remain in the custody of the Arlington, Texas police department. Resp. 2, ECF No. 21. Fishbein seeks that the remaining items be returned to him.

### B.     The Seized Property is Needed as Evidence.

As noted above, the property that remains in the possession of the Arlington, Texas police department consists of three electronic devices:

- A laptop computer;
- A USB thumb drive; and
- A cell phone.

Mot. Return of Property 1, ECF No. 1.

Fishbein remains in federal custody for the service of his sentence. *See* [www.bop.gov](http://www.bop.gov) (Scott Fishbein register number 60244-177), last visited October 30, 2023. The respondent United States has presented evidence that the property should not be returned to Fishbein because it is needed in connection with another investigation of Fishbein in Skamania County, Washington. Resp. 3-4, Exhibit A, ECF Nos. 21 and 21-1. Included is the declaration of Skamania County Sheriff's Detective Jeremy Schultz, documenting an open ongoing investigation of Fishbein in that jurisdiction. Resp. Exhibit A, ECF No. 21-1. The investigation involves the possible commission of a crime or crimes involving Fishbein's electronic communications with a minor in that jurisdiction. *Id.* Detective Schultz informs that Fishbein communicated with the minor, a 12-year-old girl, by telephone and by web-based applications. *Id.* Information obtained in the investigation indicates Fishbein may have solicited and received sexually explicit images from the minor and communicated with the minor for the purpose of engaging in unlawful sexual activity. The investigation involves conduct from 2019. *Id.* Thus,

the conduct pre-dates Fishbein's 2020 arrest and prosecution in the Northern District of Texas by several months. The Skamania County detective informed there is reason to believe that the electronic devices in possession of the Arlington, Texas police department may contain evidence relevant to the investigation in Skamania County, Washington. *Id.*

## II. Analysis

Rule 41(g) allows an "aggrieved" person to move for seized property's return after criminal proceedings have concluded. *See* Fed. R. Crim. P. 41(g)[1]; *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007). The Court should deny a Rule 41(g) motion however, if "'the property is contraband'" or "'the government's need for the property as evidence continues.'" *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002) (quoting *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993)); *see also* Fed. R. Crim. P. 41 advisory committee's note (1989 Amendments) ("If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable.").

As noted above, the Skamania County investigation has produced information indicating that Fishbein may have received sexually explicit images from a minor. Those images themselves may be contraband. Moreover, because Fishbein communicated with the minor by electronic means, it is reasonable for investigators to believe that the electronic devices he had in his possession at the time of his arrest – and with which he carried out his crime in the Northern District of Texas – were used for a similar purpose a few short months before in his communications with the minor in Skamania County, Washington. Thus, the property should not be returned to Fishbein until those investigators have had an

---

[1] The 2002 amendments changed the subsection on motion for return of property from Rule 41(e) to Rule 41(g) without substantively changing the rule, and courts apply previous Rule 41(e) case law to current cases under Rule 41(g). *See Ramos v. United States*, 212 F. App'x 348, 348 n.1 (5th Cir. Jan 5, 2007) (noting that in 2002, the Rule 41(e) was redesignated Rule 41(g) without substantive changes); *see also* , *De Almeida v. United States*, 459 F.3d 377, 380 n.2 (2d Cir. 2006).

3

opportunity to review the electronic devices to confirm or rule out their evidentiary value. Because the United States has shown the remaining property is still needed as evidence in a separate ongoing investigation of Fishbein involving conduct that pre-dates his arrest in the Northern District of Texas, Fishbein's Rule 41(g) motion must be denied. *See Vanhorn*, 296 F.3d at 719.

### III.  ORDER

For all of the above and foregoing reasons, Scott Lynn Fishbein's post-conviction motion for return of property under Federal Rule of Criminal Procedure 41(g) is **DENIED**, and this civil case is closed.

**SO ORDERED** on this **30th day** of **October 2023.**

Mark T. Pittman
UNITED STATED DISTRICT JUDGE